UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                      Chapter 11

GII Industries, Inc., f/k/a                                          Case Nos.:    04-27013-CEC
Grace Industries, Inc., et al.,                                                          04-27015-CEC
                                                                                                06-42964-CEC
                                    Debtor.                                              06-42966-CEC
                                                                                                06-43325-CEC
                                                                        Jointly Administered
------------------------------------------------------------x
GII Industries, Inc., f/k/a Grace Industries, Inc.,
                                                                        Adv. Pro. No. 07-1464-CEC
                                    Plaintiff,

-against-

New York State Department of Transportation,

                                    Defendant.
------------------------------------------------------------x

## DECISION

Thomas Baylis, Esq.                              Steven L Banks, Esq.
C. Nathan Dee, Esq.                             Mark D. Rosenzweig, Esq.
Cullen & Dykman, LLP                         NYS Office of Attorney General
100 Quentin Roosevelt Blvd                120 Broadway, 24th Floor
Garden City, NY 11530                        New York, NY 10271

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motions *in limine* of plaintiff GII Industries, Inc. f/k/a Grace Industries, Inc. ("Grace" or "GII") and defendant New York State Department of Transportation ("NYSDOT"), each seeking to preclude the introduction of certain evidence in connection with an upcoming bench trial on three issues: (i) what is the appropriate cost methodology for the parties to use to calculate GII's damage claim against NYSDOT and (ii) (a) whether GII is entitled to prejudgment interest and (b) from what date should prejudgment interest begin to accrue.

For the foregoing reasons, both motions *in limine* are denied.

## Background

On December 6, 2004, Grace filed a voluntary petition under chapter 11 of the Bankruptcy Code.

On August 15, 2007, Grace commenced the instant adversary proceeding asserting a breach of contract claim against NYSDOT, seeking $7,870,619.87 in damages, and seeking a declaratory judgment with respect to the rights and obligations of the parties pursuant to the a certain alleged agreement dated March 3, 2003 (the "Agreement").

On October 1, 2007, NYSDOT interposed an answer to the complaint, including a counterclaim asserting that Grace had received more than its actual, reasonable, and verifiable costs, and seeking to recover the excess amount paid to Grace. On January 29, 2008, Grace filed an amended complaint, seeking damages of $10,680,503 for NYSDOT's breach of contract, and again seeking a declaratory judgment with respect to the Agreement.

On March 12, 2008, NYSDOT interposed an answer to the amended complaint, and again asserted a counterclaim seeking to recover excess payments made to Grace. On March 24, 2008, Grace interposed an answer to NYSDOT's counterclaim.

On July 22, 2008, the Court issued a consent order assigning the disputes between NYSDOT and Grace to mediation. The parties reached an impasse regarding the issue of enforceability of the Agreement, and whether it may be rescinded. A four day trial was conducted in connection with the parties' request for a determination of these issues. On September 23, 2009, this Court issued a decision concluding that the Agreement was not enforceable as a contract pursuant to New York law because it was not supported by consideration.

After that decision, the parties returned to mediation. However, another impasse has been reached with respect to (i) the appropriate cost methodology for the parties to use to calculate GII's damage claim against NYSDOT and (ii) (a) whether GII is entitled to prejudgment interest and (b) from what date should prejudgment interest begin to accrue. The parties filed the instant motions in connection with an upcoming bench trial on these issues.

## The Motions

NYSDOT's motion *in limine* seeks to preclude GII from offering any evidence related to methods of calculation of damages that may have been suggested or utilized by the parties during what NYSDOT refers to as the "Dispute Resolution Phase." NYSDOT argues that any such evidence is both irrelevant and barred by Rule 408 of the Federal Rules of Evidence.

Rules 408 provides as follows:

> (a) Prohibited uses. – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. – This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

GII argues that NYSDOT's motion should be denied for several reasons. First, GII argues that NYSDOT has failed to establish the temporal boundaries of the Dispute Resolution Period. Second, GII argues that the evidence that it will seek to introduce is outside the scope of Rule 408, either because it is not "offered to prove liability for, invalidity of, or amount of a claim," or because it does not constitute "conduct or statements made in compromise negotiations regarding the claim," or because it falls within the category of permitted uses under Rule 408(b).

The standards governing motions *in limine* are well established:

> The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443(1984), Palmieri v. Defaria, 88 F.3d 137, 141 (2d Cir. 1996); Nat'l. Union Fire Ins. Co. V. L.E. Myers Co. Group, 937 F. Supp. 276 283 (S.D.N.Y. 1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. See also Baxter Diagnostics, Inc. V. Novatek Med. Inc., No. 94-CIV5520 (AJP), 1998 U.S. Dist. LEXIS 15093, at * 11, 1998 WL 665138 (S.D.N.Y. 1998). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l. Union First Ins. Co., 937 F. Supp at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfold, particularly if the actual testimony differs from what was [expected]." Luce, 469 U.S. at 41.

Potenza v. City of New York, Dep't of Transp., No. 04-CV-2434, 2009 WL 2156917, at * 3 (E.D.N.Y. July 15, 2009).

Moreover, the trial judge may change a ruling on a motion *in limine* in the absence of unexpected developments. "Indeed even if nothing unexpected happens at rial, the district judge is free – in the exercise of sound judicial discretion – to alter a previous in limine ruling." In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009) (quoting Palmieri v. Defaria, 88 F.3d 136, 139 (2d Cir. 1996) (quoting Luce, 469 U.S. 41-42 (1984)).

NYSDOT's motion *in limine* is denied because the record is insufficiently developed at this stage in the proceedings to determine whether any of the evidence at issue should be excluded. Whether any of the evidence at issue falls within the scope of Rule 408(a), or within the exception provided in Rule 408(b), and whether it is relevant, can best be determined at trial,

5

"so that the motion is placed in the appropriate factual context." Potenza, No. 04-CV-2434, 2009 WL 2156917, at *3.

The same is true of GII's motion. GII seeks to preclude NYSDOT from presenting evidence or arguing that Grace was under an obligation to maintain MURK forms sufficient to determine its damages, based upon theories of estoppel and waiver. It is inappropriate to address these issues in advance of trial; they should be determined after consideration of the evidence.

## Conclusion

For all of the foregoing reasons, the motions are denied.



**Dated: Brooklyn, New York**
**May 19, 2010**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**