UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| GII Industries, Inc., f/k/a | Case Nos.: 04-27013-CEC |
| Grace Industries, Inc., et al., | 04-27015-CEC |
| | 06-42964-CEC |
| Debtor. | 06-42966-CEC |
| | 06-43325-CEC |
| | Jointly Administered |

------------------------------------------------------------x

GII Industries, Inc., f/k/a Grace Industries, Inc.,

   Adv. Pro. No. 07-1464-CEC

   Plaintiff,

-against-

New York State Department of Transportation,

   Defendant.
------------------------------------------------------------x

## DECISION

APPEARANCES:

| | |
|---|---|
| Thomas Baylis, Esq. | Steven L Banks, Esq. |
| C. Nathan Dee, Esq. | Mark D. Rosenzweig, Esq. |
| Cullen & Dykman, LLP | NYS Office of Attorney General |
| 100 Quentin Roosevelt Blvd | 120 Broadway, 24th Floor |
| Garden City, NY 11530 | New York, NY 10271 |
| Attorneys for Plaintiff | Attorneys for Defendant |

CARLA CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion (the "Motion") of defendant New York State Department of Transportation ("NYSDOT") seeking to compel plaintiff GII Industries, Inc. f/k/a Grace Industries, Inc. ("GII") to produce in connection with an upcoming bench trial certain documents (collectively, the "Documents") pertaining to the amount of overhead and profit GII included in its bid for a project on the West Side Highway in Manhattan. For the reasons set forth below, the Motion is granted.

## Jurisdiction

This Court has jurisdiction of this core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## Background

On December 6, 2004, GII filed in this Court a voluntary petition under chapter 11 of the Bankruptcy Code.

On August 15, 2007, GII commenced the instant adversary proceeding asserting a breach of contract claim against NYSDOT, seeking $7,870,619.87 in damages, and seeking a declaratory judgment with respect to the rights and obligations of the parties pursuant to a certain alleged agreement dated March 3, 2003 (the "Agreement").

On October 1, 2007, NYSDOT interposed an answer to the complaint, including a counterclaim asserting that GII had received more than its actual, reasonable, and verifiable costs, and seeking to recover the excess amount paid to GII. On January 29, 2008, GII filed an amended complaint, seeking damages of $10,680,503 for NYSDOT's breach of contract, and again seeking a declaratory judgment with respect to the Agreement.

On March 12, 2008, NYSDOT interposed an answer to the amended complaint, and again asserted a counterclaim seeking to recover excess payments made to GII. On March 24, 2008, GII interposed an answer to NYSDOT's counterclaim.

On July 22, 2008, the Court issued a consent order assigning the disputes between NYSDOT and GII to mediation. The parties reached an impasse regarding the issue of enforceability of the Agreement, and whether it may be rescinded. A four day trial was conducted in connection with the parties' request for a determination of these issues. On September 23, 2009, this Court issued a decision concluding that the Agreement was not supported by consideration and was therefore not enforceable as a contract pursuant to New York law. *See In re GII Industries, Inc.*, 416 B.R. 84 (Bankr. E.D.N.Y. 2010).

After that decision, the parties returned to mediation. However, another impasse was reached with respect to (i) the appropriate cost methodology for the parties to use to calculate GII's damage claim against NYSDOT and (ii) (a) whether GII is entitled to prejudgment interest and (b) from what date should prejudgment interest begin to accrue.

After another multi-day trial, the Court issued a decision and a separate order on September 30, 2011 directing GII to calculate its claim using a total cost methodology and awarding GII the right to recover prejudgment interest. *See In re GII Industries, Inc.*, 2011 WL 4618852 (Bankr. E.D.N.Y. Sep. 30, 2011) ("Grace II").

A third trial is presently scheduled to commence in October 2012 to determine the actual value of GII's claims using the total cost methodology and to resolve NYSDOT's counterclaims for recovery of certain estimated payments made to GII. NYSDOT filed the Motion in connection with the upcoming trial on these issues.

The Motion

The Documents sought by NYSDOT encompass:

- ☐ copies of all records, documents, and electronically stored information relating to or evidencing the percentage of profit applied to each item of work identified in GII's bid for Contract No.D257543;

- ☐ copies of all records, documents and electronically stored information relating to or evidencing the percentage of overhead applied to each item of work identified in GII's bid for Contract No.D257543;

- ☐ copies of all records, documents and electronically stored information relating to or evidencing the amount of profit (either as a percentage of the bid amount or as a dollar figure) that GII anticipated, at the time it submitted its bid, it would receive for performing the work described in Contract No. D25743;

- ☐ copies of all records, documents and electronically stored information relating to or evidencing the amount of overhead (either as a percentage of the bid amount or as a dollar figure)that GII anticipated, at the time it submitted its bid, it would receive for performing the work described in Contract No. D257543; and

- ☐ copies of all records, documents and electronically stored information relating to or evidencing the "factor for profit and overhead" used to determine the cost of each item of work identified in GII's bid for Contract No. D257543, referenced on page 14 of the "Post-Trial Memorandum of Law Submitted by Plaintiff GII Industries, Inc. f/k/a Grace Industries, Inc. regarding the Second Phase of the Trial in this Action Concerning (I) the Proper Methodology for Calculating GII's Damages and (II) GII's Entitlement to Pre-Judgment Interest," dated January 6, 2011.

GII is resisting disclosure on the ground that the Documents are neither admissible nor reasonably calculated to lead to the discovery of any evidence admissible at the bench trial. GII specifically argues that estimates set forth in its pre-bidding records are irrelevant because controlling case law prohibits the use of such estimates in the calculation of GII's damages. NYSDOT disagrees with the contention that information contained in the Documents "would be absolutely inadmissible" and specifically points to its potential relevancy to GII's expectation of

profits.[1]

## Rule 26 Discovery Standard

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, a party "may obtain discovery on any matter, not privileged, that is relevant to a claim or defense of any party." A trial court retains "wide discretion in its handling of pre-trial discovery." *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir.1998) (internal citation omitted). Relevance depends on the controlling substantive law. *U.S. E. Telecomm., Inc. v. U.S. W. Info.Sys., Inc.*, No. 87 Civ. 2924(KTD)(THK), 1993 WL 385810, at *31 (S.D.N.Y. Sept. 30, 1993). Rule 26 permits discovery not only of admissible evidence, but also information "reasonably calculated to lead to discovery of admissible evidence." FED.R.CIV.P. 26(b)(1); *Barrett v. City of N.Y.*, 237 F.R.D. 39, 40 (E.D.N.Y.2006) (noting that the information sought "need not be admissible at trial to be discoverable"). "Relevance" under Rule 26 is broadly interpreted to "encompass[ ] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Maresco v. Evans Chemetics*, 964 F. 2d 106, 114 (2d Cir. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).[2] The burden is on the party seeking discovery to "explain how or why the [discovery] would be

---

[1] Counsel to NYSDOT informed the Court that "[c]ertainly we would argue once we get this information as to how much profit the company expected to get from this job, I anticipate we would argue particularly if it's less than 10 percent that that's the proper measure of profit on this case using the total cost methodology." Hr'g Tr. 3:7-12 (March 14, 2012).

[2] GII correctly notes in its briefing that the 2000 amendments to Rule 26 of the Federal Rules of Civil Procedure narrowed the scope of permissible discovery from "any matter relevant to the subject matter involved in the action" to "any nonprivileged matter that is relevant to any party's claim or defense." However, courts have continued , in the wake of those amendments, to describe the discovery standard under Rule 26(b)(1) as liberal. *See*., *e.g.*, *Vuona v. Merrill Lynch & Co., Inc.*, No. 10 Civ. 6529(PAE), 2011 WL 5553709 (S.D.N.Y. November 15, 2011) (noting that "[u]nder Rule 26(b)(1), the scope of discovery is broadly construed"). Moreover, courts still have the ability to permit "[f]or good cause . . . discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV.P.26(b)(1).

relevant to her claims." *Wright-Jackson v. HIP Health Plan*, No. 07 Civ.1819(DFE), 2009 WL 1024244, at *4 (S.D.N.Y. Apr.15, 2009).

## Discussion

In *Grace II* the Court noted that "[i]n applying the total cost method, New York courts require use of the contract price rather than bid estimates or bid figures." 2011 WL 4618852 at *10 (citing *Thalle Const. Co., Inc. v. Whiting-Turner Contracting Co., Inc.*, 39 F.3d 412, 417 (2d Cir. 1994)). GII principally relies on *Thalle*, *All-States Commc'ns, Inc. v. New York Tel. Co.*, No. 96-CV-5740, 1997 WL 729033 (S.D.N.Y. November 24, 1997) and *PT & L. Constr. Co., Inc. v. State*, 179 AD 2d 850 (3d Dept't 1992) for the proposition that the Documents set forth only inadmissible information. But the procedural posture in each of the three aforementioned cases is very different from that of the case at bar. In *Thalle*, the district court had denied the injured party's request to use the total cost method as it "was unable to produce and verify the accuracy of its bid estimates." *Thalle*, 39 F.3d at 417. The Second Circuit reversed because in its view, "[a]s long as the contract price is available . . . the total cost approach is feasible." *Id*. In *All-States*, the court disallowed the testimony of two witnesses for the injured party who improperly sought to use pre-bid estimates which would presumably lead to a higher damages award. *All-States*, 1997 WL 729033 at *4-5 (stating that "it is undisputed that [a witness] used All–States' pre-bid estimates, which he helped prepare, as his measure of labor costs in computing the value of the lost time rather than the actual cost of labor" and "[another witness's] testimony regarding All–States' lost profits amounts to mere speculation based on pre-bid estimates."). Likewise, in *PT & L. Constr. Co.*, the state appellate court declined to allow the injured party to base its damages on pre-bid estimates of expenses. *PT & L. Constr. Co.*, 179 AD 2d at 853.

In contrast, movant here, NYSDOT, is not the injured party. It is seeking pre-bid estimates to assess the reasonableness of the injured party's (GII's) damages claims. The *All-States* decision itself opines that both "contract price" and "evidence substantiating the plaintiff's expectation of profit" are potentially relevant. *See e.g.*, *All-states*, 1997 WL 729033 at * 5.

Moreover, NYSDOT has come forward with at least two cases wherein the court took into account the pre-bidding percentage of profit and overhead similar to that contained in the Documents. *S. Leo Harmonay, Inc. v. Binks Mfg. Co.*, 597 F.Supp. 1014 (S.D.N.Y. 1984); *Crane-Hogan Structural Sys., Inc. v. State of New York*, 88 A.D.3d 1258, 1261, 930 N.Y.S.2d 713, 717 (4th Dep't 2011). GII correctly points out that the defendant in *Leo Harmonay* assented to the use of the pre-bidding estimates and the *Crane-Hogan* court gave only a limited analysis of its holding. However, whether or not any of the Documents are ultimately determined to be admissible, it is clear that discovery should be allowed unless the Documents are not relevant to any claim or defense, could not be used for any purpose, and could not lead to the discovery of any admissible evidence. At this juncture, the record simply does not support such a conclusion.

It is important to emphasize that by granting this Motion, the Court is expressing no opinion on the admissibility of any of the Documents at the upcoming bench trial. If and when NYSDOT seeks to introduce one or more Documents, this decision does not preclude GII from filing a motion *in limine* to exclude such evidence.

## Conclusion

For the reasons set forth herein, the Motion is granted. A separate order will issue.



**Dated: Brooklyn, New York**
**April 30, 2012**

**Carla E. Craig**
**United States Bankruptcy Judge**